**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Subpoena Served On JP Morgan Chase Bank N.A.<br><br>Silverstone Holding Group LLC<br><br>        *Petitioner*,<br><br>   v.<br><br>Zhongtie Dacheng (Zhuhai) Investm't Mgmt Co., Ltd<br><br>        *Respondent*. | Case No. 22-mc-00353<br><br>(Arising from Case No. 22-cv-00461-SSS-ADS in the United States District Court for the Central District of California) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH NONPARTY
SUBPOENA AND FOR A PROTECTIVE ORDER**

# **TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | PRELIMINARY STATEMENT | 1 |
| II. | BACKGROUND | 1 |
| III. | JURISDICTION | 3 |
| IV. | LEGAL STANDARD | 3 |
| V. | ARGUMENT | 4 |
| | A. Silverstone Has Standing to Challenge the Subpoena. | 4 |
| | B. The Non-Party Subpoena is Premature. | 6 |
| | C. The Non-Party Subpoena Is Not Relevant, Material, Or Necessary To Either *Confirmation* Or Enforcement | 8 |
| | D. The Court Should Award Attorney's Fees and Costs. | 9 |
| VI. | CONCLUSION | 12 |

Pursuant to Federal Rules of Civil Procedure 45(d)(1)-(3), Petitioner Silverstone Holding Group LLC ("Silverstone") submits this memorandum of law in support of its petition to quash a nonparty subpoena dated September 23, 2022 to JP Morgan Chase Bank, N.A. ("JP Morgan"); for a protective order over materials already produced, if any; and a fee award.

## I.    PRELIMINARY STATEMENT

In a pending California District Court case for the confirmation of a Chinese arbitration award, Respondent has issued a judgment "enforcement" subpoena to non-party JP Morgan that will result in production of Silverstone's banking information.

The subpoena must be quashed because it: (1) is premature, since the California court has not confirmed the arbitration award and no judgment exists to "enforce[]"; (2) the banking and financial information sought in the subpoena is irrelevant to what is at issue in the California action: the confirmability of the arbitration award. Following meet and confers, Respondent has refused to withdraw the subpoena. Petitioner therefore asks that the subpoena be quashed.

## II.    BACKGROUND

### A.    Subpoena, Notification of the Subpoena, and Production

Respondent here is the petitioner in *Zhongtie Dacheng (Zhuhai) Investment Management Co Ltd v. Yan, et al.*, Case No. 22-cv-00461-SSS-ADS, pending before the United States District Court for the Central District of California (the "California Action"). The Action seeks confirmation and enforcement of a Chinese arbitration award. Silverstone is not a party to either the Chinese arbitration award nor to the California case. Ex. 1 (Amended Petition).

Before even serving any of the defendants in the California Action, Respondent's counsel sent a subpoena duces tecum to JP Morgan Chase ("JP Morgan"), for compliance at Respondent's counsel's New York office. Ex. 2 (subpoena); Ex. 3, at 8. (Respondent counsel e-mail noting the subpoena was served September 27, 2022); Ex. 4 (California Action docket).

The subpoena defines the defendants in the California Action as "Judgment Debtors," and sought, among other things:

> "ALL DOCUMENTS CONCERNING all open or closed checking, savings, NOW, Time, Money Market, or other deposit or checking accounts or brokerage, investment, trust or managed accounts in the name of or under signatory authority of any of THE JUDGMENT-DEBTORS…"…
> "ALL DOCUMENTS CONCERNING open or closed bank loans or mortgage documentation, reflecting loans made to or co-signed by any of THE JUDGMENT-DEBTORS.."…
> "ALL DOCUMENTS CONCERNING current or expired safe deposit box rentals by or under signatory authority of any of THE JUDGMENT-DEBTORS…".

Ex. 2, at 8, 10.

JP Morgan mailed a notification dated November 1, 2022 to Silverstone, informing Silverstone of their receipt of the subpoena (the "Notification"). Ex. 5. The Notification stated that JP Morgan had "received a legal request in connection with [the Action] seeking information that concerns you and/or your account(s) … JP Morgan ... will comply timely with this legal request unless it receives documentation that legally obligates it to halt production." *Id.*

Silverstone understands that its banking information has been produced under the Subpoena because one of the defendants in the California Action was at some point an authorized signatory on Silverstone's bank account. Ex. 3, at 2-3, 7.

### B.      Petitioner's Attempts to Confer with Respondent's Counsel Prior to Filing of Instant Motion

On November 22, 2022, Silverstone's counsel wrote to Respondent's counsel to ask for a copy of the subpoena, inform Respondent of Silverstone's intent to move to quash the subpoena because it is premature, to request that Respondent withdraw the subpoena, and to invite Respondent's counsel to meet-and-confer. Ex. 3, at 9-10.

Silverstone also noted that Respondent's New York-based *pro hac vice* counsel in the California Action had sued one of the same defendants in New York state court earlier this year

2

to enforce a Chinese court judgment. *Id.* at 9. In that action, Respondent's New York counsel had issued an equally premature subpoena to JP Morgan for banking information, which the New York state court quashed for that reason on August 30, 2022. Ex. 6.

Counsel conferred over the telephone on December 6, 2022, during which Respondent's California counsel asserted that Petitioner had no standing to make this motion. Ex. 3, at 2-8. On December 8, 2022, Silverstone's counsel provided law to Respondent's counsel showing that Silverstone did indeed have standing, and requested that Respondent withdraw the subpoena. *Id.* Respondent's counsel responded with further authorities. *Id.* Silverstone's counsel supplied additional authorities, including the leading cases cited in this brief, requesting that Respondent withdraw the subpoena ***as to Silverstone***. *Id.* Respondent declined. *Id.* As of the date of this motion, Respondent have managed to obtain a clerk's entry of default dated December 2, 2022, but no judgment has been issued or served in the California action. Ex. 4, at 7.

However, it is unlikely—if not impossible—that default judgment will issue, as the proofs of service state neither what was served, nor where the defendants in the California Action were purportedly served. Ex. 7 (proofs of service). For the exact same reason, the New York state court recently denied Respondent's counsel's default motion in their other judgment enforcement proceeding. Ex. 8.

### III.     JURISDICTION

Pursuant to FRCP 45(d)(3)(a), the court for the district where the subpoena requires compliance to be made—here, New York—has jurisdiction to quash that subpoena.

### IV.     LEGAL STANDARD

Under FRCP 45(d)(3), the Court may quash or modify a non-party subpoena on various grounds. "The determination of whether a subpoena is unduly burdensome turns, in part, on why the requested material is relevant." *Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP*,

2008 WL 4452134, at *4 (S.D.N.Y. Oct. 2, 2008); *see also United States v. Int'l Bus. Mach. Corp.,* 83 F.R.D. 97, 104 (S.D.N.Y.1979) (considering "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.").

## V. ARGUMENT

The information sought is premature, and as such neither material nor necessary to the California Action. Therefore, the subpoena should be quashed, and a protective order issued to sequester information already produced, if any.

### A. Silverstone Has Standing to Challenge the Subpoena.

Non-party movants have standing to quash a subpoena issued to another non-party where such movants have an interest in the information sought, including for example, in their finances. Indeed, "it is well-established that a party with a real interest in the documents has standing to raise objections to their production." *Solow v. Conseco, Inc.* 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008) (noting that Rule 45(d)(3)(B) itself makes clear that courts may "quash, modify, or condition a subpoena to protect the person subject to <u>or affected by the subpoena</u> from unnecessary or unduly harmful disclosures of confidential information.") (underlining original)

Following the "affected by" language of Rule 45(d)(3)(B), Courts have "recognized the right of non-parties to quash a subpoena issued to another non-party" because of "the nature of the information sought." *First Indem. of Am. Ins. Co. v. Shinas*, 2005 WL 3535069, at *3 (S.D.N.Y. Dec. 23, 2005). Thus, standing exists when the movant "has a sufficient privacy interest in the confidentiality of the records sought," *ADL, LLC v. Tirakian,* 2007 WL 1834517, at *2 (E.D.N.Y. June 26, 2007), or seeks to protect "a proprietary interest in the subpoenaed matter," *United States v. Nachamie,* 91 F.Supp.2d 552, 558 (S.D.N.Y.2000); *see also Ariaz–Zeballos v. Tan,* No. 06 Civ. 1268, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007)

4

(standing found to quash subpoena issued to non-party banks based on movant's "privacy interest in [his] financial affairs") (citations omitted).

Both individual and corporate movants have been held to have privacy interest in their banking records and financial records sufficient to give them standing to move to quash a subpoena served on a non-party financial institution. *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014) ("*Refco*") (collecting numerous cases holding, for example, that "Information *regarding* a party's financial records may give rise to a privacy interest" and noting that "Courts have also afforded the same protection to corporations and LLC's") (emphasis added).

In meet & confers, Respondent has claimed that Silverstone does not have standing because the subpoena does not literally name Silverstone or state that it seeks Silverstone's information. Ex. 3, at 1-7. This fails for several reasons.

*First*, the argument places form over substance. Here, JP Morgan's Notification has made clear: (1) that Silverstone's banking information would be produced in response to the subpoena; and (2) that injury to Silverstone would result as JP Morgan would "comply timely" with it. Ex. 5. Indeed, knowing that Silverstone's information would be produced, Respondent's refusal to withdraw the subpoena as to **Silverstone's banking information only** is *itself* testament to the fact that Respondent intends to obtain Silverstone's banking information through the subpoena, *ergo* Silverstone's standing. Ex. 3, at 2-4, 7 (e-mails to Respondent requesting it "to withdraw the subpoena as to Silverstone.")

As *Refco* made clear, standing focuses on whether a litigant "has alleged an 'injury-in-fact' that is **fairly traceable to the challenged conduct** and redressable by a favorable judicial decision." *Refco*, at *5-6 (emphasis added, internal brackets omitted) (citing *Lerman v. Bd. of Elections*, 232 F.3d 135, 143 n. 9 (2d Cir.2000)). Thus, where a subpoena "'***could reasonably***

*require* [an accounting firm] to produce banking and financial records' of a party, the corporate movants' privacy interests in these documents gave them standing to object to the subpoena." *Id.* (emphasis added). Indeed, standing is a "threshold inquiry that is distinct from the merits" and has been established with as little as a "*fairly arguable privacy interest* that the subpoena will invade." *Id.* (emphasis added).  In sum, standing focuses on the content of information to be produced, and cannot be circumvented by cleverly wording.

Here, the JP Morgan Notification has made clear Silverstone's information will be produced, Respondent's counsel does not deny this. Ex. 3, at 1-7. Indeed, if Respondent did not think its subpoena would result in the production of Silverstone's information, then it should have no issue withdrawing the subpoena as to Silverstone. It has refused. *Id.*

*Second*, the standing argument fails as a matter of form as well. Request number 1 of the subpoena expressly seeks "all" banking documents and information "in the name of *or under signatory authority* of any of THE JUDGMENT-DEBTORS," which "JUDGMENT-DEBTORS" is defined in the subpoena to include Defendant Liang. Ex. 2, at 9 (emphasis added). As Respondent's counsel explained to Silverstone on the phone, it knows that Defendant Liang is a Silverstone signatory. Ex. 3, at 2-3, 7.  Knowing this, it is unclear how Respondent's counsel can claim that it is not seeking any information "from or about" Silverstone. Ex. 3, at 1, 3.

Here, it bears emphasizing that the same counsel representing Respondent already tried and failed to obtain Silverstone's banking information through a New York state court subpoena. Ex. 6 (order). They are now trying to do an end-run around the New York court's quash order.

**B.     The Non-Party Subpoena is Premature.**

In the California action, Respondent seeks to "confirm and enforce" a Chinese arbitration award (the "Chinese award") and to "issue a judgment" in respect of the same, against Yan Jinggang ("Yan") and Liang Xiuhong ("Liang"), pursuant to 9 U.S.C. § 207 of the Federal

6

Arbitration Act (the "FAA"), implementing Article III of the 1958 Convention for the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). Ex. 1 (Amended Petition) ¶ 1.

As the Subpoena itself states, its purpose is to obtain "financial transactions ... that will assist [Respondent] in *collecting* the Award." Ex. 2, at 5 (emphasis added). Tracking this purpose, the subpoena refers to the Defendants in the Chinese arbitration as "Judgment-Debtors." *Id*, at 7. The so-defined "Judgment-Debtors" include Defendants in the California Action. Ex. 1.

The subpoena puts the cart before the horse.

*First*, F.R.C.P. 69, governing "Execution of Judgments," makes clear that it is a "judgment creditor" who may obtain discovery "in aid of the judgment or execution." No judgment has issued in the California Action. Respondent is neither a judgment creditor nor are there grounds to execute any judgment, so there are no "Judgment-Debtors" to "collect" against. This should be dispositive.

*Second*, the subpoena seeks to aid "collecting" on an arbitration award prior to its confirmation. But this violates the FAA. It is well-established both here and in California that the courts have no authority to enforce an unconfirmed arbitration award before it issues a judgment in that regard. This is because "[a]rbitration awards are not self-enforcing," and "must be given force and effect by being converted to judicial orders by courts …" *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006); *BSH Hausgerate GmbH v. Kamhi,* 291 F. Supp. 3d 437 (S.D.N.Y. 2018) (same, citing 9 U.S.C § 207); *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.,* 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (same); *EGI-VSR, LLC v. Huber,* 2020 WL 1489790, at *3 (S.D.N.Y. Mar. 27, 2020), appeal withdrawn, 2020 WL 4197304 (2d Cir. June 11, 2020) (same); *Aguilar v. Carter's Inc.,* 2020 WL 7974335, at *1 (E.D. Wash. Nov. 17, 2020) (same); *Berland v. Conclave, LLC*, 2022 WL 16554990, at *5 (S.D.

7

Cal. Oct. 31, 2022) ("An arbitration award is not directly enforceable; until confirmed or vacated by court proceedings, the award is no more than a contract between the parties to the arbitration.")

This principle is evident in the wording of 9 U.S.C. § 13, governing the confirmation and enforcement of foreign arbitration awards per 9 U.S.C. § 208:

> Papers filed with order on motions; judgment; docketing; force and effect; enforcement
>
> … The party moving for an order confirming, modifying, or correcting an award…
>
> The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered.

9 U.S.C. § 13. Here, Respondent is purporting to issue a subpoena from a California Court, but to directly collect on a *Chinese arbitration award*. This is procedurally improper and underscores the subpoena's prematurity.

**C.     The Non-Party Subpoena Is Not Relevant, Material, Or Necessary To Either <u>*Confirmation*</u> Or Enforcement**

A "[p]arty issuing subpoena must demonstrate that information sought is relevant and material to allegations and claims at issue in proceedings...". *Wultz v. Bank of China Ltd.,* 298 F.R.D. 91 (S.D.N.Y. 2014). "Restrictions on discovery may be broader where a non-party is the target of discovery to protect such third parties from unnecessary harassment, inconvenience, expense or disclosure of confidential information." *In re Candor Diamond Corp.,* 26 B.R. 847, 849 (Bankr. S.D.N.Y. 1983)

Importantly, "if the sought-after documents are not relevant, nor calculated to lead to the discovery of admissible evidence, then ***any burden whatsoever imposed would be by definition 'undue.'***" *Compaq Computer Corp. v. Packard Bell Elec., Inc.,* 163 F.R.D. 329, 335–36 (N.D. Cal. 1995) (emphasis added).

8

Here, Respondent served a subpoena on JP Morgan, a non-party, implicating the confidential bank and financial information of Silverstone, a non-party. The subpoena bears *no relation to the confirmation of the Chinese arbitration award*, which is what is at issue in the California Action. By the terms of its own petition, to obtain a confirmation, Respondent must show the Court that the proceeding falls under the New York Convention, was issued in a signatory state, arose out of a commercial relationship, and that none of the grounds for refusal or deferral of recognition specified in the New York Convention exist. Ex 1, ¶¶ 7, 40-41. These probe Respondent's compliance requirements with the New York Convention for *recognition*, *not* the collectable assets pursuant to the dispute.

Indeed, the general rule even in the context of a timely post-judgment subpoena, which the present subpoena is not, is that "non-parties may only be examined about the assets of a judgment debtor and cannot be required to disclose their own assets." *Costomar Shipping Co. v. Kim-Sail, Ltd.,* 1995 WL 736907, at *3 (S.D.N.Y. Dec. 12, 1995) (citing 12 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 3014 and denying motion to compel production pursuant to a Rule 69 subpoena). Here, Silverstone was not named either in the Chinese arbitration or the California Action, and the named party appears to have only been an authorized *signatory* for Silverstone. But, even assuming that Respondent *has* an enforceable judgment to "collect" on, it has made no showing that being a *signatory* to an entity's banking account means that account contained the judgement debtor's assets.

In sum, Respondent's subpoena suffers from double-irrelevancy: not only is it obviously irrelevant to *confirmation* of the Chinese Award, it is not clear that it would be relevant to *enforcement* either. The subpoena should independently be quashed due to irrelevancy as well.

**D.     The Court Should Award Attorney's Fees and Costs.**

A party or attorney responsible for issuing and serving a subpoena must take

9

> reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

FRCP 45(d)(1).

Citing the "must" language, courts have made clear that attorneys' fees for failure to take "reasonable steps to avoid imposing undue burden or expense" is mandatory. *Breaking Media, Inc. v. Jowers,* 2021 WL 1299108, at *7 (S.D.N.Y. Apr. 7, 2021) ("*Breaking Media*").

This court's recent discussion in *Breaking Media* of the circumstances under which fees should be awarded is instructive:

> Courts typically undertake a two-part inquiry to determine whether sanctions are warranted under Rule 45(d)(1): "[i] whether the challenged subpoena imposed an undue burden or expense on the person(s) subject thereto; and [ii] if so, what, if any, 'reasonable steps' the subpoenaing party and its counsel took to avoid imposing such a burden." [citation]
>
> To satisfy the first prong, courts have recognized that the "undue burden" analysis is tied to the relevance of the material sought and is directly related to the court's decision to quash a subpoena for imposing an undue burden. *See Molefi*, 2007 WL 538547, at *3 ("***When a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense' within the meaning of Civil Rule 45(c)(1)***.") [citations]
>
> "Sanctions are properly imposed and attorney's fees are awarded where, as here, the party improperly issuing the subpoena refused to withdraw it, requiring the non-party to institute a motion to quash." [citations]. Here, the material sought by Respondent is irrelevant to the merits of the Underlying Suit, and as noted above, Petitioner has sufficiently established that compliance would impose an undue burden.
>
> ***Turning to the second prong, Respondent refused to narrow the scope of the Subpoena*** or otherwise address any of Petitioner's objections on privilege, relevance, and proportionality grounds, which objections Petitioner raised in multiple meet-and-confers. [citations]. Here, Respondent (i) was on notice that much of the material sought was privileged; (ii) failed to articulate how the material was relevant to the Underlying Suit, and (iii) in support of its Subpoena, advanced spurious allegations of bad faith — without any evidence — in an effort to impugn Petitioner.

10

> As such, ***the Court finds that the Subpoena should never have issued and determines that Petitioner is entitled to recover reasonable attorneys' fees and expenses*** incurred in responding to the Subpoena.

*Breaking Media, Inc. v. Jowers,* 2021 WL 1299108, at *7–8 (S.D.N.Y. Apr. 7, 2021). (emphasis added).

Here, the first prong is met due to: (1) the obvious prematurity of the subpoena; and (2) the complete irrelevance of the information sought to the actual issue of confirmation of the arbitration award in the California Action.

Respondent has also failed to take reasonable steps pursuant to the second prong of the analysis. For over three weeks since November 22, 2022, Petitioner has made active efforts to compromise. For example, it has: (1) made the narrow request to withdraw the subpoena only as to Silverstone's documents and information; (2) explained to Respondent that the subpoena is premature and irrelevant, emphasizing that the New York state court has quashed a similar subpoena, issued by the same counsel, for the exact same reasons; (3) refuted Respondent's sole lack of standing argument; (4) pointed out Respondent's internally inconsistent position in advocating no-standing while refusing to withdraw the subpoena as to Silverstone; and (5) made clear to Respondent on multiple occasions that failure to withdraw the subpoena would prompt Petitioner to move to quash and to seek fees.

Throughout, Respondent has not made any compromise proposals. Respondent has stuck by its position that Petitioner has no standing because the subpoena "does not seek information on or about" Silverstone. Ex. 3, at 3.

"Courts imposing a sanction of attorneys' fees under Rule 45(c)(1) have often granted sanctions equaling most if not all of the attorneys' fees sought." *Night Hawk Ltd. v. Briarpatch Ltd., L.P.*k 2003 WL 23018833, at *3 (S.D.N.Y. Dec. 23, 2003). Should the Court award fees, Petitioner will prepare a fee submission.

11

## VI.     CONCLUSION

For the reasons set forth above, Petitioner respectfully requests that its Motion to Quash be granted in its entirety, with a fee award to follow.

Dated: December 13, 2022.

                                               Angus F. Ni

By: _____

**AFN LAW PLLC**
41 Madison Ave, 31st Floor,
New York, NY 10017
(646) 453-7294
angus@afnlegal.com

*Attorneys for Petitioner Silverstone*