# EXHIBIT 3

**Angus Ni**

| | |
|---|---|
| **From:** | Dan Tan <dan@dantanlaw.com> |
| **Sent:** | Monday, December 12, 2022 9:58 PM |
| **To:** | Angus Ni |
| **Cc:** | Zhener Low; Stephen Beke; lwu@dgwllp.com; xinlin@morrowfirm.com; gbturo@dgwllp.com |
| **Subject:** | Re: Nonparty Subpoena in 22-CV-00461-SSS-ADS - Meet and Confer |

Angus

Thank you for your email and for giving us some time to confer.

For now, we would just point out that the cases you cite in your email below are cases where the subpoena explicitly sought documents concerning to the moving party and named the moving party in the subpoena. These cases do not detract from the clear statement of law in the cases we have cited that where the subpoena seeks no information from or about a nonparty, that nonparty does not have standing to quash the subpoena.

If your position is correct that even where a subpoena is not directed to or seeks information about a particular party, but for example, a party is named in a list of customers that was somehow disclosed as being responsive, then the issue of standing would be a dead letter, since anyone could have standing just by disclosing in response to the subpoena a piece of paper with a party's name on it. We do not believe standing can be conferred simply by disclosing a piece of paper in this fashion since standing is a legal issue that cannot be dictated by what a recipient of a subpoena decided to disclose in response.

If you have any other cases that support your statement that – "We believe that the law is that where a party's information will be produced pursuant to a subpoena, then that party has standing, regardless of whether that party's name is in the subpoena and the subpoena directly requests that party's information" – please let us review it. For reasons we have already explained, it is clear to us from the cases that this is not the test for standing.

Dan


*Solow v. Conseco, Inc.* 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008):

Presently before the Court is a motion pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, by **non-parties Harry Macklowe, Macklowe Properties,** Inc., and Fifth Avenue 53/89 Acquisition Co., L.P. (collectively "Macklowe"), to quash a subpoena served on Fortress Investment Group, LLC ("Fortress") by Plaintiff**, seeking financial documents relating to Macklowe's financing and refinancing of the GM Building.**

*Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014)

By notice of motion dated September 9, 2014 (Docket Item 58), defendants and **non-party Cantor Entertainment Technology, Inc. ("CET")**[1] move to quash a subpoena issued by plaintiff to Ernst & Young LLP ("E & Y"), the auditor for a planned initial public offering by CET (the "IPO").

Here, plaintiff seeks all documents concerning E & Y's audit of any of Cantor Nevada's financial statements from January 1, 2002 to date **and all documents concerning the IPO contemplated by CET**.

**From:** Angus Ni <angus@afnlegal.com>
**Date:** Monday, December 12, 2022 at 1:13 PM
**To:** Dan Tan <dan@dantanlaw.com>
**Cc:** Zhener Low <Zhener@afnlegal.com>, Stephen Beke <sbeke@conaldoylelaw.com>, "lwu@dgwllp.com" <lwu@dgwllp.com>, "xinlin@morrowfirm.com" <xinlin@morrowfirm.com>, "gbturo@dgwllp.com" <gbturo@dgwllp.com>
**Subject:** RE: Nonparty Subpoena in 22-CV-00461-SSS-ADS - Meet and Confer

Dan,

In the interest of resolution, we can extend one last courtesy on this and spell out our position. Please review *Solow v. Conseco, Inc.* 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008) and *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014).

We believe that the law is that where a party's information will be produced pursuant to a subpoena, then that party has standing, regardless of whether that party's name is in the subpoena and the subpoena directly requests that party's information. Here, you personally stated to me on the phone on December 6 that you know that one of Silverstone's signatories was covered by your subpoena, which is why JP Morgan told us it would produce Silverstone information in response to your subpoena. I asked my client about who you may have been referring to, and it turns out that one of the defendants in the California case, Ms. Liang Xihong, had signatory authority for administrative purposes at some point in the past. We understand that because of this, Silverstone's information will be produced in response to your subpoena.

Given that we have standing, and you do not deny that the subpoena is premature and irrelevant to the matter at issue in California, I'd like you to agree to withdraw the subpoena as to Silverstone. We would much rather not have to involve a court. **Please respond by close of business today.**

In addition, please confirm the source of your information about Ms. Liang that you stated on the phone to me. I'll be straightforward: the New York court issued a sequestration order for any Silverstone information JP Morgan previously produced. So, if you learned the above-described information from Silverstone information, we will be moving for sanctions before the New York state court. **Given the need for your co-counsel to provide a fulsome explanation to moot any sanctions motion we may bring, you can respond by next Monday on this. If we do not receive a response, we will move for sanctions before the NY state court.**

Thanks,

-AFN

**From:** Dan Tan <dan@dantanlaw.com>
**Sent:** Monday, December 12, 2022 12:42 PM
**To:** Angus Ni <angus@afnlegal.com>
**Cc:** Zhener Low <Zhener@afnlegal.com>; Stephen Beke <sbeke@conaldoylelaw.com>; lwu@dgwllp.com; xinlin@morrowfirm.com; gbturo@dgwllp.com
**Subject:** Re: Nonparty Subpoena in 22-CV-00461-SSS-ADS - Meet and Confer

Angus

I do not think we will agree.

Your email is making up things that are not in the subpoena just because a third party supposedly told you something. I do not understand how you can rely on what JP Morgan says is in the subpoena when you now have the subpoena and know full well it does not say what JP Morgan told you it says.

Your summary of the legal principles: whether the subpoena will result in production confidential information "**from or about**" our client, and if it does, that gives your client standing – is wrong. In all the cases the subpoena resulted in the production of information relating to the objecting party—that is why that party objected.

But production is not the test. The test is: Whether a non-party has standing to quash a subpoena served on another non-party depends on the information <u>sought</u>. The cases instruct: **However, standing is not conferred when the information <u>sought from</u> the non-party was <u>not requested from or about the objecting party</u>.** Where, as here, the subpoena does not seek or request information from or about your client, your client does not have standing to object.

Whether the subpoena results in information about your client being produced does not confer standing. The cases we cited show that once there is no standing, the fact that there may be responsive documents that relate to your client does not give it any such standing to quash the subpoena itself.

There can be no doubt that he subpoena does not seek information from or about your client. Your client is mentioned no where in the subpoena. This is clear and the cases clearly say that there is no standing to object. That is the end of the issue.

As your client has no standing to object to the subpoenas and the subpoena cannot be quashed, we do not see the need to restrict the scope of the subpoena.

Dan

> On Dec 9, 2022, at 2:19 PM, Angus Ni <angus@afnlegal.com> wrote:
>
> Dear Dan,
>
> Thank you for your response.
>
> The crux of the law, which is set out in the excerpts you identified, is whether the subpoena will result in production confidential information "***from or about***" our client. If it does, that gives us standing. Here, JP Morgan sent Silverstone a notification that it had received the said subpoena "seeking information that concerns you and/or your account(s)", and stating that it would "comply timely … unless it receives documentation that legally obligates it to halt production." Hence, standing.
>
> ==In fact, during our telephone conversation on December 6, 2022, when we asked you why our client may have received the JP Morgan notification if your position is that the subpoena does not concern Silverstone, you indicated to us your understanding that one of our client's banking signatories was implicated by the subpoena.== **You have yet to respond, but would you please clarify who this bank/account signatory you were referring to is?**
>
> Further, given that JP Morgan has clearly indicated to us that it will produce information from or about our client in response to your subpoena, and since you have taken the clear position that you are not seeking information "from or about" our client, then you should have no objection to withdrawing the subpoena to the extent that it seeks production of information about our client. We are not certain therefore why you have not yet agreed to withdraw.

**So, we repeat the request we made in our e-mail of December 8, 2022, for withdrawal as to any information from or about Silverstone on that basis. We can jointly write to JP Morgan making this clear and moot this issue. This approach would be consistent with your position, and dispense with unnecessary further costs and litigation.**

I think you can appreciate that your client cannot have it both ways. They cannot insist that the subpoena does not seek information about our client, but yet refuse to actually follow through with their position that the subpoena is not seeking such information by withdrawing the subpoena.

Please let us know your response to the above two **bolded** requests by the end of day if possible. We plan to file Monday first thing.

Thank you,

-AFN


**From:** Dan Tan <dan@dantanlaw.com>
**Sent:** Friday, December 9, 2022 9:41 AM
**To:** Angus Ni <angus@afnlegal.com>; Zhener Low <Zhener@afnlegal.com>; Stephen Beke <sbeke@conaldoylelaw.com>
**Cc:** lwu@dgwllp.com; xinlin@morrowfirm.com; gbturo@dgwllp.com
**Subject:** Re: Nonparty Subpoena in 22-CV-00461-SSS-ADS - Meet and Confer

Dear Angus

Thank you for your email. We have looked at the cases below. It is clear to us from the cases you cite below and our research on the issue that your client has no standing to object to the subpoena because the subpoena does not by its express terms seek any information from or about your client.

The first case you cite actually states:

> "**In the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness**." *Estate of Yaron Ungar v. Palestinian Authority,* No. 18MSO302, 2005 WL 3005810, at *11 (S.D.N.Y. Nov. 7, 2005)(quoting *Langford v. Chrysler Motor Co.,* 513 F.2d 1121, 1126 [2d Cir.1975] ). Whether a non-party has standing to quash a subpoena served on another non-party **depends on the nature of the information sought**. In *Estate of Yaron Ungar,* the court found that a non-party had standing to move to quash a subpoena which had been served on its attorneys and which sought information concerning the non-party's financial dealings with the defendant, because the information was protected by attorney-client privilege. *See id.* Courts have also found **standing to quash subpoenas directed towards the personal bank or brokerage accounts of a non-party**. *See, e.g., Catskill Dev., L.L.C. v. Park Place Enter. Corp.,* 206 F.R.D. 78, 93 (S.D.N.Y.2002) (finding that non-party Native American tribe had standing to quash subpoena directed to tribe's bank because tribe had privacy interest in its banking documents).

4

To us the starting position is clear: A party generally lacks standing to quash a subpoena directed to a non-party unless the party claims some personal right or privilege with regard to the documents sought. Haywood v. Hudson, 1993 WL 150317 (E.D.N.Y. April 23, 1993) citing Brown v. Braddick 595 F.2d 961, 967 (5th Cir.1979); 9 C. Wright & A. Miller, Federal Practice & Procedure § 2457 at 431 (1971)

Crucially, however, the cases you cite below also make it clear that the issue of standing depends on the information sought, and there is no standing where the subpoena does not seek information from or about your client:

> Whether a party has standing to quash a subpoena depends on the nature of the information being sought. See *First Indem. of America Ins. Co. v. Shinas,* No. 03 Civ.6634 (KMW)(KNF), 2005 WL 3535069, at *3 (S.D.N.Y. Dec. 23, 2005). "A party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right." *Nova Products, Inc. v. Kisma Video, Inc.,* 220 F.R.D. 238, 241 (S.D.N.Y.2004). "[T]he claim of privilege or right must be personal to the movant, not to the non-party witness on whom the subpoenas was served." *Samad Bros., Inc. v. Bokara Rug Co. Inc.,* No. 09 Civ. 5843(JFK)(KNF), 2010 WL 5094344, at *2 (S.D.N.Y. Nov. 30, 2010). Information regarding a party's financial records may give rise to a privacy interest, *see Reserve Solutions, Inc. v. Vernaglia,* No. 05 Civ. 8622(VM)(RLE), 2006 WL 1788299 (S.D.N.Y. June 26, 2006) (finding that party had standing to quash a subpoena seeking the party's personal credit card records from non-party American Express); *Carey v. Berisford Metals Corp.,* No. 90 Civ. 1045(JMC), 1991 WL 44843, at *7 (S.D.N.Y. March 28, 1991) (holding that party had standing to quash a subpoena seeking the party's bank account information from non-party bank), as may information regarding a party's employment records. See 🚩*During v. City Univ. Of New York,* No. 05 Civ. 6992(RCC)(RLE), 2006 WL 618764 (S.D.N.Y. Mar. 9, 2006), *rev'd on other grounds,* 2005 Civ. 6992(RCC), 2006 WL 2192843 (S.D.N.Y. Aug. 1, 2006) (finding that party had standing to quash a subpoena seeking party's employment records from non-party employer). **However, standing is not conferred when the information sought from the non-party was <u>not requested from or about the objecting party</u>**. *First Indem. of America Ins. Co.,* 2005 WL 3535069, at *3.

*KGK Jewelry LLC v. ESDNetwork,* 11 Civ. 9236(LTS)(RLE), 2014 WL 1199326 at *3 (S.D.N.Y. Mar. 21, 2014) (Ellis, M.J.) (cited below)

*The First Indem. of America Ins. Co.,* 2005 WL 3535069, at *3 held:

> "**In the absence of a claim of privilege, a party usually does not have standing to object to a subpoena directed to a non-party witness**." *Estate of Yaron Ungar v. Palestinian Authority,* No. 18MSO302, 2005 WL 3005810, at *11 (S.D.N.Y. Nov. 7, 2005)(quoting *Langford v. Chrysler Motor Co.,* 513 F.2d 1121, 1126 [2d Cir.1975] ). **<u>Whether a non-party has standing to quash a subpoena served on another non-party depends on the nature of the information sought</u>**. In *Estate of Yaron Ungar,* the court found that a non-party had standing to move to quash a subpoena which had been served on its attorneys and which sought information concerning the non-party's financial dealings with the defendant, because the information was protected by attorney-client privilege. *See id.* Courts have also found standing to quash subpoenas directed towards the personal bank or brokerage accounts of a non-party. *See, e.g., Catskill Dev., L.L.C. v. Park Place Enter. Corp.,* 206 F.R.D. 78, 93

5

(S.D.N.Y.2002) (finding that non-party Native American tribe had standing to quash subpoena directed to tribe's bank because tribe had privacy interest in its banking documents).

In this case, Highlands seeks to quash a subpoena directed to an attorney affiliated with the law firm it has retained as counsel. However, it does not appear that the information sought through the Subpoena is protected by attorney-client privilege or a privacy interest.

**The Subpoena, by its express terms, seeks no information from or about Highlands** and excludes any privileged communications. In motion papers, furthermore, counsel to the plaintiffs has explained that plaintiffs' purpose in seeking, through the Subpoena, to depose Yaffe, and obtain the subject documents from him, is to uncover information he may have about Rusin and others and their alleged involvement in fraudulent business activities. There is no suggestion that such information, if it exists, is protected by attorney-client privilege in virtue of the relationship between Yaffe and Highlands. Moreover, any information that would be subject to a claim of privilege in virtue of that relationship has not been sought by the plaintiffs through the Subpoena. **Furthermore, since the Subpoena does not seek information, including confidential information, from or about Highlands, that entity can have no privacy interest in the subpoenaed material**. **Therefore, the Court finds that Highlands lacks standing to object to the Subpoena.1 Accordingly, Highlands' motion to quash the Subpoena is denied. Highlands' motions for a protective order, an order holding plaintiffs' counsel in contempt for abuse of process, and an award of attorney's fees also must be denied on the same ground**.2

*Rouson ex rel. Estate of Rouson v. Eicoff*, 2006 WL 2927161, *7 (Oct 11, 2006 E.D.N.Y:

On the other hand, a non-party lacks standing to object to a subpoena, which, "by its express terms, seeks no information from or about [the non-party objector] and excludes any privileged communications." *First Indemnity of Amer. Ins. Co. v. Shinas, No*. 03 Civ. 6634, 2005 WL 3535069, at *3 (S.D.N.Y. Dec. 23, 2005).

This is precisely the situation in our case. As the subpoena we provided shows, it does not by its express terms seek any information from or about your client, and your client as a nonparty therefore lacks the standing to object.

Please let us know if a further call would be useful.

Thank you.

Dan

---

**From:** Angus Ni <angus@afnlegal.com>
**Date:** Thursday, December 8, 2022 at 8:56 AM
**To:** Dan Tan <dan@dantanlaw.com>, Zhener Low <Zhener@afnlegal.com>, Stephen Beke <sbeke@conaldoylelaw.com>
**Cc:** "lwu@dgwllp.com" <lwu@dgwllp.com>, "xinlin@morrowfirm.com"

6

<xinlin@morrowfirm.com>, "gbturo@dgwllp.com" <gbturo@dgwllp.com>
**Subject:** RE: Nonparty Subpoena in 22-CV-00461-SSS-ADS - Meet and Confer

Hi Dan,

Thanks for providing the subpoena. We are writing to follow up on our telephone conversation on Tuesday Dec 6.

You had suggested that your main concern was that our client, Silverstone Holding Group LLC, may not have standing to quash the subpoena your client has sent to JP Morgan Chase. Your argument is incorrect. The cases clearly show that Silverstone <u>would</u> be able to establish standing. See, for example, the case excerpts below.

For example, the Courts have "recognized the right of non-parties to quash a subpoena issued to another non-party" because of ""the nature of the information sought." *See First Indem. of Am. Ins. Co. v. Shinas,* No. 03 Civ. 6634, 2005 WL 3535069, at *3 (S.D.N.Y. Dec. 23, 2005). Standing may be found when the movant asserts a "claim of privilege," *Langford,* 513 F.2d at 1126; "has a sufficient privacy interest in the confidentiality of the records sought," *ADL, LLC v. Tirakian,* No. CV 2006–5076(SJF)(MDG), 2007 WL 1834517, at *2 (E.D.N.Y. June 26, 2007); or seeks to protect "a proprietary interest in the subpoenaed matter," *United States v. Nachamie,* 91 F.Supp.2d 552, 558 (S.D.N.Y.2000). *See also Ariaz–Zeballos v. Tan,* No. 06 Civ. 1268, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007) (standing found to quash subpoena issued to non-party banks based on movant's "privacy interest in [his] financial affairs") (citations omitted)…" (emphasis added).

"Information regarding a party's financial records may give rise to a privacy interest." *KGK Jewelry LLC v. ESDNetwork,* 11 Civ. 9236(LTS)(RLE), 2014 WL 1199326 at *3 (S.D.N.Y. Mar. 21, 2014) (Ellis, M.J.) (collecting cases). Courts in this Circuit "have found that individuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution." *Arias–Zeballos v. Tan,* 06 Civ. 1268(GEL)(KNF), 2007 WL 210112 at *1 (S.D.N.Y. Jan. 25, 2007) (Fox, M.J.) (collecting cases)

We received notice from JP Morgan that the information and documents sought in the subpoena concern private financial information of our client's. And if necessary for us to move, it will be straightforward for us to establish Silverstone's standing. Therefore, we request that your client withdraws the subpoena to JP Morgan Chase in its entirety as to documents and information of our client, Silverstone.

Please confirm that your client will be withdrawing the subpoena in its entirety as to information from or pertaining to our client, Silverstone, by this Friday, December 9, 2022, 12pm PST. Otherwise we will move to quash the subpoena and reserve the right to seek costs. ==Further, during our telephone conversation you indicated to us your belief that JP Morgan Chase sent us notification of the subpoena because one of our client's banking signatories was implicated. Could you please clarify who this bank/account signatory you were referring to is?==

Thank you.

-AFN

---

**From:** Dan Tan <dan@dantanlaw.com>
**Sent:** Tuesday, December 6, 2022 6:41 PM

**To:** Angus Ni <angus@afnlegal.com>; Zhener Low <Zhener@afnlegal.com>; Stephen Beke <sbeke@conaldoylelaw.com>
**Cc:** lwu@dgwllp.com; xinlin@morrowfirm.com; gbturo@dgwllp.com
**Subject:** Re: Nonparty Subpoena in 22-CV-00461-SSS-ADS - Meet and Confer

Dear Angus and Zhener

As discussed, please see that subpoena served on JP Morgan Chase Bank N.A. on September 27, 2022.

Thank you.

Dan

---

**From:** Angus Ni <angus@afnlegal.com>
**Date:** Wednesday, November 30, 2022 at 2:25 PM
**To:** Dan Tan <dan@dantanlaw.com>, Zhener Low <Zhener@afnlegal.com>, Stephen Beke <sbeke@conaldoylelaw.com>
**Cc:** "lwu@dgwllp.com" <lwu@dgwllp.com>, "xinlin@morrowfirm.com" <xinlin@morrowfirm.com>, "gbturo@dgwllp.com" <gbturo@dgwllp.com>
**Subject:** RE: Nonparty Subpoena in 22-CV-00461-SSS-ADS - Meet and Confer

Dan,

Thanks. We were only given redacted copies of the original – now quashed subpoena. See attached. I've also attached briefing in the NY case related to that subpoena.

In advance of our M&C Monday, would you please send us the subpoena you served in this present case? JP morgan does not supply them.

We can do Monday afternoon—how's 2PM pacific time work? If that works, we'll circulate dial in.

Thanks much,

-AFN

---

**From:** Dan Tan <dan@dantanlaw.com>
**Sent:** Wednesday, November 30, 2022 2:09 PM
**To:** Angus Ni <angus@afnlegal.com>; Zhener Low <Zhener@afnlegal.com>; Stephen Beke <sbeke@conaldoylelaw.com>
**Cc:** lwu@dgwllp.com; xinlin@morrowfirm.com; gbturo@dgwllp.com
**Subject:** Re: Nonparty Subpoena in 22-CV-00461-SSS-ADS - Meet and Confer

Hi Angus

I'm sorry we have not managed to speak about this issue before this. I am on the road and on my way back to SFO from Madrid.

Could I trouble you to send me the decision you refer to below and also your papers so that we can review it before our meet and confer? We would also want a copy of the subpoena that your email says is exactly the same as the one in our case.

8

I would also ask if it would be possible to meet and confer on Monday instead as we will want a day to review your papers and to take instructions before we speak.

Thank you.

Dan

---

**From:** Angus Ni <angus@afnlegal.com>
**Date:** Wednesday, November 30, 2022 at 2:42 AM
**To:** Zhener Low <Zhener@afnlegal.com>, Stephen Beke <sbeke@conaldoylelaw.com>, "dan@dantanlaw.com" <dan@dantanlaw.com>
**Cc:** "lwu@dgwllp.com" <lwu@dgwllp.com>, "kkramer@dgwllp.com" <kkramer@dgwllp.com>, "xinlin@morrowfirm.com" <xinlin@morrowfirm.com>
**Subject:** RE: Nonparty Subpoena in 22-CV-00461-SSS-ADS - Meet and Confer

Dear Rongping & Katie (And Dan),

Per below series of e-mails, we've been trying to M&C about the subpoena that was issued out of the above judgment enforcement case. (Dan, Mr. Beke is listed as local counsel, but told us separately that we should contact you as the actual local, we're not sure if you are or not but are including you on this e-mail out of an abundance of caution).

An exact same subpoena, in an exact same setting, issued by the same client, same firm, was quashed by a New York court as premature. We believe that this present subpoena should be withdrawn without incurring further costs.

We're aiming to file a motion to quash on Friday if we do not hear a response. Client will likely ask us to move for fees this time given the procedural history.

Please let us know if you'll have time to meet and confer with us tomorrow or Thursday about this.

Thanks,

-AFN

> On 29 Nov 2022, at 4:35 PM, Stephen Beke <sbeke@conaldoylelaw.com> wrote:
>
> I think you have the wrong person – what is the case name?
>
>
> Stephen Beke
> DOYLE LAW, APC
> 280 S. Beverly Dr., Penthouse
> Beverly Hills, CA 90212
> 310-385-0567
> (f) 310-943-1780
> www.conaldoylelaw.com

**From:** Zhener Low <Zhener@afnlegal.com>
**Sent:** Tuesday, November 29, 2022 4:07 PM
**To:** Stephen Beke <sbeke@conaldoylelaw.com>; lwu@dgwllp.com
**Cc:** Angus Ni <angus@afnlegal.com>; xinlin@morrowfirm.com
**Subject:** Re: Nonparty Subpoena in 22-CV-00461-SSS-ADS - Meet and Confer

Dear Stephen,

I'm writing to follow up on my e-mail below of November 22.

I am flexible over tomorrow and Thursday (Nov 23 and 24) to M&C over a call if that's better for you. Feel free to send a calendar invite.
Subject to the outcome of our M&C, we intend to file our motion to quash this Friday.

Thanks.

Regards,
Zhener

> On 22 Nov 2022, at 2:49 PM, Zhener Low <Zhener@afnlegal.com> wrote:
>
> Dear Stephen,
>
> We act for Silverstone Holding Group LLC.
>
> Our client recently got wind of a nonparty information subpoena having been sent to JPMorgan Chase in respect of our client and their accounts. The case number cited was 22-CV-00461-SSS-ADS. We understand that you are counsel for Plaintiff in that case.
>
> The subpoena is premature. Among other things, no judgment has been issued in the case. We intend to file a motion shortly to have it quashed and have any information already provided suppressed. Before we do this, we're reaching out to meet-and-confer and to invite you to withdraw the subpoena. You might be aware that this situation is substantially similar to a previous motion to quash we filed in New York just a few months ago (case no. 153501/2022). In the NY case, we had the premature subpoena quashed successfully.
>
> Without any admission, please also let us have a copy of the said subpoena sent to JPMorgan Chase and let us know if and what information your client has already received pursuant to the subpoena. Our client's rights are reserved.
>
> Look forward to hearing from you. Thank you.
>
> Regards,
> Zhener

**Zhener Low**
zhener@afnlegal.com
+1-551-217-9303 (mobile)
<image001.png>
=================================================================

CONFIDENTIALITY NOTICE: This e-mail message may contain legally privileged and/or
confidential information. If you are not the intended recipient(s), or the employee or agent
responsible for delivery of this message to the intended recipient(s), you are hereby
notified that any dissemination, distribution or copying of this e-mail message is strictly
prohibited. If you have received this message in error, please immediately notify the
sender and delete this e-mail message from your computer.

=================================================================