UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SILVERSTONE HOLDING GROUP, LLC,        :

                      Petitioner,        :
                                                  OPINION AND ORDER
    -against-        :        22 Misc. 353 (RA) (GWG)

ZHONGTIE DACHENG (ZHUHAI)        :
INVESTMENT MANAGEMENT CO., LTD,

                                      :
                      Respondent.
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Petitioner Silverstone Holding Group, LLC ("Silverstone") has filed a motion to quash a subpoena served on JP Morgan Chase N.A. ("Chase") in connection with discovery sought by respondent Zhongtie Dacheng (Zhuhai) Investment Management Co., Ltd. ("Zhongtie") for an action pending in the Central District of California.[1] For the reasons that follow, Silverstone's motion is granted.

    I.      BACKGROUND

Zhongtie filed suit in the Central District of California (the "underlying action") seeking recognition and enforcement of a foreign arbitral award against a number of defendants, including an individual named Liang Xiuhong ("Liang"). See Mem. at 6; Opp. Mem. at 2; Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co., Ltd. v. Yan, et al., No. 22-cv-00461 (C.D. Cal.). Neither Silverstone nor Chase is a party to the underlying action. Mem. at 1; Opp. Mem. at 1.

---

[1] See Notice of Motion to Quash Nonparty Subpoena and for a Protective Order, filed Dec. 13, 2022 (Docket # 1) ("Mot."); Memorandum of Law in Support of Motion to Quash Nonparty Subpoena and for a Protective Order, filed Dec. 13, 2022 (Docket # 3) ("Mem."); Declaration of Angus F. Ni, filed Dec. 13, 2022 (Docket # 4) ("Ni Decl."); Respondent's Opposition to Motion to Quash Nonparty Subpoena and for a Protective Order, filed Dec. 20, 2022 (Docket # 7) ("Opp. Mem."); Reply in Support of Motion to Quash Nonparty Subpoena or for a Protective Order, filed Dec. 22, 2022 (Docket # 9) ("Reply").

On September 23, 2022, Zhongtie served a subpoena on Chase, seeking, inter alia, all documents concerning accounts "in the name of or under the signatory authority of the judgment debtors." Subpoena, dated Oct. 28, 2022, annexed as Exhibit 2 to Ni Decl. (Docket # 4-2), at 5-6. The subpoena defined the "judgment debtors" as including Liang. See id. at 4. Liang was once an authorized signatory to an account held by Silverstone at Chase. See Mem. at 2. On November 1, 2022, Chase notified Silverstone that it had received a subpoena concerning the account, id. at 2, and on December 13, 2022, Silverstone filed the instant action seeking to quash the subpoena, see Mot.

II.     STANDING

Zhongtie argues that Silverstone does not have standing to challenge the subpoena. Opp. Mem. at 4. Silverstone argues that it has standing to challenge the subpoena because it has a privacy interest in its banking information, which will be produced if Chase is allowed to comply with Zhongtie's subpoena. See Mem. at 4-6.

"In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975); accord City of Almaty, Kazakhstan v. Ablyazov, 2020 WL 1130670, at *1 (S.D.N.Y. Mar. 9, 2020) ("As a general matter, only recipients of a subpoena have standing to seek a protective order quashing or modifying the subpoena.") (citing City of Almaty, Kazakhstan v. Ablyazov, 2019 WL 275701, at *2 (S.D.N.Y. Jan. 22, 2019)). Notwithstanding this rule, a non-party individual or entity has standing to quash a subpoena if the individual or entity "is seeking to protect a personal privilege or right." Nova Prods., Inc. v. Kisma Video, Inc., 220 F.R.D. 238, 241 (S.D.N.Y. 2004). Thus, "[w]hether a non-party has standing to quash a subpoena served on another non-party depends on the nature of the information sought." First

Indem. of Am. Ins. Co. v. Shinas, 2005 WL 3535069, at *3 (S.D.N.Y. Dec. 23, 2005) ("First Indemnity"). As is pertinent here, "it is well-established" that an individual or entity with a "real interest" in documents sought by a subpoena "has standing to raise objections to their production." Solow v. Conseco, Inc., 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008); accord Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P., 2014 WL 5420225, at *5 (S.D.N.Y. Oct. 24, 2014) ("Refco"). Accordingly, "[c]ourts in this Circuit 'have found that individuals[] whose banking records are subpoenaed[] have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution.'" Refco, 2014 WL 5420225, at *4 (quoting Arias-Zeballos v. Tan, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007)). "Courts have also afforded the same protection to corporations . . . ." Id. (collecting cases).

Zhongtie argues that because the subpoena "by its express terms" does not seek information concerning Silverstone, Silverstone lacks standing to challenge the subpoena. Opp. Mem. at 3-4. This argument is frivolous. The subpoena in fact seeks Silverstone's records because it seeks records of any account for which Liang had "signatory authority," and Liang had such authority on Silverstone's account. Zhongtie's reliance on First Indemnity, see Opp. Mem. at 3, is fruitless since the subpoena in that case "[did] not seek information . . . from or about" the party seeking to quash. First Indemnity, 2005 WL 3535069, at *3. Here, contrary to Zhongtie's assertions, see Opp. Mem. at 5, the subpoena does seek information "from or about" Silverstone. Because that information takes the form of banking records, Silverstone has standing to challenge the subpoena to protect its privacy interest. See Refco, 2014 WL 5420225, at *4.

Silverstone's papers may be read to also raise a challenge on the grounds of relevancy and undue burden, independent of its privacy interest. See Mem. at 8-9. The recipient of a subpoena may move to quash a subpoena that poses an undue burden, Fed. R. Civ. P. 45(d)(3)(A)(iv), and may challenge the subpoena on the grounds that it fails to meet "Rule 26(b)(1)'s overriding relevance requirement," see Hughes v. Twenty-First Century Fox, Inc., 327 F.R.D. 55, 57 (S.D.N.Y. 2018) (quotation omitted). By contrast, a non-recipient "lacks standing to challenge subpoenas issued to non-parties on the grounds of relevancy or undue burden." See Universitas Educ., LLC v. Nova Group, Inc., 2013 WL 57892, at *5 (S.D.N.Y. Jan. 4, 2013); accord In re Subpoenas Served on Lloyds Banking Grp. PLC, 2021 WL 3037388, at *2 (S.D.N.Y. July 19, 2021). Because Silverstone is not the recipient of the subpoena, it does not have standing to challenge the subpoena on the independent grounds of undue burden or relevance. A non-recipient like Silverstone may, however, raise the relevance of the evidence sought by a subpoena for purposes of balancing the relevance of the information sought against the litigant's protected interest. See Refco, 2014 WL 5420225, at *6 (where standing is demonstrated, "the next inquiry requires weighing the relevance or probative value of the documents being sought against the privacy interests . . . asserted") (citation omitted). Accordingly, we consider Silverstone's relevancy arguments for the limited purpose of weighing the relevance of the information sought against Silverstone's privacy interests.

III.   MERITS OF THE MOTION TO QUASH

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A). Motions to quash are "entrusted to the sound discretion of the district court." In re Fitch Inc., 330 F.3d 104, 108 (2d Cir. 2003);

accord Hughes, 327 F.R.D. at 57. "[T]he burden of persuasion in a motion to quash a subpoena issued in the course of civil litigation is borne by the movant." Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y.1996); accord Securitas Elec. Sec., Inc. v. DeBon, 2021 WL 639071, at *3 (S.D.N.Y. Feb. 18, 2021). Where a movant claims a privacy interest in information subject to a subpoena and the movant has standing, "the next inquiry requires weighing the relevance or probative value of the documents being sought against the privacy interests . . . asserted." Refco, 2014 WL 5420225, at *6 (quoting Solow, 2008 WL 190340, at *4).

Silverstone claims a privacy interest in its banking records. Reply at 5. As to relevance, Silverstone argues that "[t]he subpoena bears no relation to the confirmation of the Chinese arbitration award," and that if Zhongtie's subpoena is instead intended to aid in the enforcement of that award, Zhongtie "has made no showing that being a signatory to an entity's banking account means that account contained the judgment debtor's assets." Mem. at 9.

Zhongtie's response fails to address Silverstone's argument regarding relevance, and the record is devoid of any evidence that Silverstone's banking records could have any bearing on the underlying action. As noted, that action seeks recognition of a foreign arbitral award. Zhongtie's own pleadings in that action state that the only grounds for non-recognition are incapacity, lack of notice, that the award was beyond the scope of arbitration, that the arbitral authority was improperly composed, that the arbitral award was non-binding, that the dispute is not eligible for arbitration, or that public policy would prevent recognition. See Amended Petition to Confirm Arbitration Award and For Entry of Judgment, Annexed as Exhibit 1 to Ni Decl. (Docket # 4-1). There is no reason to believe that Silverstone's banking records at Chase are relevant to any of these grounds for non-recognition.

Turning to the other side of the balancing test, Silverstone asserts that its bank records, by their very nature, carry a privacy interest. Mem. at 4-6; Reply at 5. Although Zhongtie argues that this is "a mere conclusory claim" that "fails to establish what these privacy interests are[,]" Opp. Mem. at 6-7, courts in this district have repeatedly found that parties "whose banking records are subpoenaed[] have a privacy interest in their personal financial affairs." Refco, 2014 WL 5420225, at *4 (citing Arias-Zeballos, 2007 WL 210112, at *1 (collecting cases)). Although Silverstone makes no argument as to the strength of that interest, Silverstone's interest necessarily outweighs the probative value of the records sought, given that the records have has zero probative value.[2]

Accordingly, the subpoena is quashed. To the extent Chase has already produced information in response to Zhongtie's subpoena, Silverstone's request for a protective order is granted, and information already produced by Chase must be destroyed.

IV.   ATTORNEY'S FEES

Silverstone requests attorney's fees for the time it has devoted to this action. Mem. at 9-11. Zhongtie opposes the request although it offers no argument as to why. See Opp. Mem. at 7.

Fed. R. Civ. P. 45(d)(1) provides that the Court must impose "appropriate sanction[s]" for parties who fail to "take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." This "may include lost earnings and reasonable attorneys' fees." Id. To take advantage of this provision, however, Silverstone must show that it is "a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). But Rule 45(d)(3) — the section under which Silverstone has moved to quash — makes a distinction between a person "subject to" a subpoena

---

[2] Zhongtie also argues that its subpoena includes a carveout for privileged documents, and thus should be allowed to stand. Opp. Mem. at 4. This protection does nothing to address Silverstone's privacy interests, however.

6

and a person "affected by" a subpoena. Fed. R. Civ. P. 45(d)(3). Under a natural reading of this language, Silverstone is "affected by" the subpoena, and Chase is "subject to" the subpoena. Because Rule 45(d)(1) does not allow attorney's fees for those "affected by" a subpoena, we view the rule as permitting an award of attorney's fees only to a person that is "subject to" a subpoena. Because Silverstone is not the recipient of the subpoena, and thus is not "subject to" the subpoena, its request for attorney's fees under Fed. R. Civ. P. 45(d)(1) is denied.

V.  CONCLUSION

For the foregoing reasons, Silverstone's motion to quash and for a protective order (Docket # 1) is granted, and its motion for attorney's fees is denied.

SO ORDERED.

Dated: January 12, 2023
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge